IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Jodzis, : 
              Petitioner : 
              : 
      v. : No. 1264 C.D. 2016
          : SUBMITTED: November 23, 2016
Unemployment Compensation : 
Board of Review, : 
             Respondent : 


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY         FILED: January 19, 2017

Kathleen M. Jodzis (Claimant) petitions for review of the July 12, 2016, decision of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision finding Claimant ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law)[1] because Claimant voluntarily terminated her employment without necessitous and compelling cause. We affirm.

Claimant was employed as a coordinator for Chatham College (Employer) from August 15, 2009, through April 11, 2016. (Board's Findings of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Fact (F.F.) No. 1.) On April 8, 2016, Employer held a meeting and told all employees that a new position was being created. (F.F. No. 2, Notes of Testimony (N.T.) at 6.) The position had no effect on Claimant's employment; nevertheless, on April 11, 2016, Claimant asked to speak privately with her supervisor. (F.F. No. 4, N.T. at 7.) Claimant told the supervisor that she should give the new job to Claimant or Claimant would leave. (F.F. No. 5; *see* N.T. at 7.) The supervisor tried to talk Claimant out of this and told Claimant to go home and sleep on it before making a decision. (F.F. No. 6, N.T. at 7.) Claimant said no and said she was going to clean out her belongings. (N.T. at 7, *see* F.F. No. 7.) Claimant's job was not eliminated and it would have been available to Claimant had she not quit. (F.F. No. 10, N.T. at 8.)

Claimant applied to the local unemployment compensation service center for benefits, which found the Claimant ineligible for benefits. Claimant appealed, and a hearing was held before a referee. Based on the evidence presented, the referee found that Claimant voluntarily quit her employment without necessitous and compelling cause, and therefore, denied benefits under section 402(b) of the Law. Claimant then appealed to the Board. The Board found that Claimant quit her employment because Employer would not give Claimant the new position. (F.F. No. 9.) Accordingly, the Board affirmed the referee's decision and denied Claimant benefits.

Claimant now petitions this Court for review of the Board's decision.[2] Before this Court, Claimant argues that she did not quit, but rather was terminated. Therefore, she argues her eligibility for benefits should not be determined under section 402(b) of the Law,[3] but instead, should be determined under section 402(e) of the Law,[4] which puts the burden on Employer to show that Claimant was terminated for willful misconduct.

To support her position that she did not quit, but rather was terminated, Claimant points to her testimony that when she asked if she would be receiving the new position, Employer told Claimant that if she wished to keep her job, she could apply but that Employer wanted someone from the outside who was "new and fresh." Claimant states she was then asked to leave. Claimant maintains Employer made it very clear to her that she would not receive the position. Thus, Claimant asserts that she was effectively terminated.

The Board recognized that there was a dispute concerning whether Claimant quit or was voluntarily terminated, and noted the conflicting testimony concerning what happened at the meeting between Claimant and her supervisor on April 8, 2016. (Board's opinion (op.) at 2.) However, the Board resolved the conflicting testimony in favor of Employer. Accordingly, the Board concluded

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] 43 P.S. § 802(b).

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

that when Employer would not give Claimant the new position as Claimant demanded, Claimant quit. (Board op. at 2; *see* F.F. Nos. 5, 9, N.T. at 7.)

Claimant's argument is nothing more than an attempt to argue her preferred version of the facts and to challenge the Board's credibility determinations. It is well-settled that the Board is the arbiter of credibility and is free to accept or reject the testimony of any witness in whole or in part. *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266 (Pa. Cmwlth. 2003). Even if there is contrary evidence in the record, where the Board's findings are supported by substantial evidence, they are conclusive on appeal. *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181 (Pa. Cmwlth. 2015). We have reviewed the record and find there is substantial evidence in the record (as noted by our citations to the hearing transcript above) to support the Board's necessary findings of fact. Accordingly, because the Board's finding that Claimant quit is supported by substantial evidence, it is conclusive. Thus, the Board did not err in analyzing this case under section 402(b) of the Law, 43 P.S. § 802(b).

Under section 402(b) of the Law, a claimant is ineligible for benefits unless she establishes that she left her employment for necessitous and compelling cause. 43 P.S. § 802(b). Whether a claimant had necessitous and compelling cause to terminate her employment is a question of law fully reviewable by this Court. *Morgan*. An employee who claims to have quit her employment for a necessitous and compelling reason must prove that (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the

4

claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve the employment. *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

Claimant argues that she had necessitous and compelling reason to leave her position because she believed she was terminated, and therefore, had to leave. Claimant again points to her testimony concerning her lengthy conversation with her supervisor. She maintains that because her supervisor made it clear to Claimant that she would not receive the job and eventually told Claimant to leave, Claimant believed she was terminated. Additionally, Claimant states that she specifically asked if she was being terminated, and her supervisor responded, "yes." Claimant also states she told human resources the next day that she did not quit.

We are not persuaded by Claimant's arguments. Again, Claimant is simply arguing her preferred version of the facts, which was not credited by the Board. Thus, Claimant has failed to offer any necessitous and compelling reason for quitting her employment. Consequently, Claimant is ineligible for benefits under section 402(b) of the Law, 43 P.S. § 802(b).

Accordingly, we affirm the Board's order.

_____
JULIA K. HEARTHWAY, Judge

Judge Cosgrove concurs in the result only.

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Jodzis,                                   :
               Petitioner              :
                                                :
       v.                                 :    No. 1264 C.D. 2016
                                                :
Unemployment Compensation                          :
Board of Review,                                   :
             Respondent              :

O R D E R

AND NOW, this 19th day of January, 2017, the order of the Unemployment Compensation Board of Review is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge